HARVEY J. HARTWELL vs. THE TOWN OF NEW MILFORD.

The acts of 1866 and 1868, (Session Laws of 1866, chap. 59, and of 1868, chap. 36,) provide for a state bounty to children of soldiers from this state who lost their lives in the late civil war, such bounty to be paid by the state treasurer to the treasurers of the several towns, and by them distributed. Held, that the town treasurers were made the agents of the state in the matter, and that they personally, and not the towns, were liable to any person for whom money had thus been received and not paid over.

ACTION to recover a state bounty; brought to the Superior Court in Litchfield County, and tried to the court before Stoddard, J. Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

W. Cothren, for the plaintiff.

J. S. Turrell and J. H. McMahon, for the defendant.

LOOMIS, J. From the complaint alone it would be impossible to obtain any idea of the foundation of the plaintiff's claim; and if we examine the bill of particulars we advance but a single step in the way of explanation. We there learn that the comptroller paid money to the treasurer of the defendant town in trust for the plaintiff, but on what account or by what authority or from what the trust arises we know nothing. If we refer to the finding of the court, which it appears was founded in part on the mere statement of the plaintiff's counsel, we learn in addition that the money referred to was claimed to have been received by the treasurer of the defendant town under and pursuant to the provisions of chapter 59 of the session laws of 1866, pages 34 and 35, and chapter 36 of the acts of 1868; that the plaintiff became fourteen years of age August 2d, 1869, and that he first learned that the money had been so received, when he was twenty-four years of age.

Hartwell *v.* Town of New Milford.

If now we examine the statute to see what would constitute a good claim under its provisions, we learn that the law appropriated from the treasury of the state the sum of seventy-five cents per week for the support and education of each child in the state (with certain exceptions) under twelve (afterwards changed to fourteen) years of age, being the child of any person who actually served as a soldier from this state in the army or navy of the United States in the war for the suppression of the rebellion, and died while in or after the termination of such service by reason of wounds received or disease contracted while in such service, or was reported missing in action and had not since been heard from; provided that no payment should be made for the use and benefit of any child who had other adequate means of support or who should be in any poorhouse or almshouse.

Then follow sundry provisions to regulate the administration of the state's bounty—making it the duty of the selectmen of the several towns to make quarterly returns under oath to the comptroller of the state of the names and ages of children resident in said towns entitled to the bounty, with a statement of the particular facts showing that they were so entitled; then the act provides for the payment of the money required by the treasurer of the state to the treasurer of the several towns, and makes it the duty of the latter, upon receiving it, immediately to pay over and distribute the same; payment to be made to the guardian of the child, or, if there is no guardian, to the person who has actual custody and control of the child, or under certain circumstances to the person designated by the selectmen; the act providing also certain penalties for malfeasance, to which we will refer in another connection.

Now it seems to us that there are several missing links in the plaintiff's case whereby he fails to connect himself with these provisions.

1. It nowhere appears, either in allegation or proof, that the plaintiff's father, as a soldier from this state, rendered the required service while living, or that he died of wounds

received or disease contracted in such service, nor that he was reported as missing in action. We are obliged to infer that these facts existed simply because the statute was referred to by the court as the foundation for the plaintiff's claim.

2. It nowhere appears that the plaintiff, while under the age of fourteen years, had no other adequate means of support; nor does it appear by way of substitute for this omission that the selectmen ever certified that the plaintiff was entitled to the bounty.

3. It is not found, except by way of stating the claim of the plaintiff, that the money sought to be recovered was received by the town or its treasurer.

4. There is neither allegation nor finding that the money was not paid to the guardian or custodian of the plaintiff while he was under the age of fourteen. If so paid it was all the law required. It is found that the plaintiff knew nothing about it till he was twenty-four years of age, but it was not essential that he should. The town treasurer was not required to deal with him and had no right to pay the money into his hands.

In view of all these omissions a judgment in favor of the plaintiff would have been manifestly erroneous.

The discussion might properly end here, but as the finding indicates that the court below may have decided the case upon the assumption that if all that the plaintiff's counsel had orally stated was true he could not recover, and therefore the details were not gone into, and as it may save the parties further expense, we will briefly indicate our opinion upon the assumption that the omitted facts were supplied in the record.

We waive any discussion of the question whether the plaintiff at the age of twenty-seven, when this suit was brought, could claim the benefit of a provision intended specially for his education and support while of the tender age mentioned in the statute, and conclude that his remedy, if any he has, is against the treasurer as such, rather than the town.

The theory of the statute is, that the charity provided wholly by the state is to be disbursed through certain machinery provided by the statute; the agents selected are its own, though as matter of convenience certain officers of the town are named for the purpose, and their duties particularly defined. The money handed to the town treasurer by the state is the money of the state rather than of the town, but it is the duty of the town treasurer immediately to pay it over to the beneficiaries of the state.

If this duty should be neglected a mandamus would undoubtedly lie to compel its performance, but it is quite significant that the only private remedy specially provided is a suit in favor of the party aggrieved against the officer who should appropriate or unnecessarily detain the money, to recover treble damages. .It is manifest that the suit thus provided is one against the defaulting officer as such, and that the damages recovered are to be paid by him in his personal capacity.

Again, it is provided that if the selectmen wilfully neglect or refuse to comply with the act, each selectman so neglecting shall forfeit and pay the sum of two hundred dollars, to be recovered by any proper action in the name of the state. The act therefore seems to be directed to these officials not as agents of the town transacting its business, but as agents of the state or of the law; and the remedies specially provided are so efficient that it could not have been anticipated that any other remedies would be needed.

There was no error in the judgment complained of.

In this opinion the other judges concurred.